IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00001-2 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WILLIAM AUTHOR MORGAN, SR. ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant William Author Morgan, Sr.'s motion for early termination of supervised release. (Dkt. No. 146.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Morgan's motion. As recommended by the probation office, the court will grant Morgan's motion.[1]

I. BACKGROUND

In 2016, Morgan pleaded guilty to one count of conspiracy to distribute a measurable quantity of methamphetamine. (Dkt. No. 88.) He was sentenced to 65 months' imprisonment followed by three years' supervised release. (Dkt. No. 139.)

According to the Agreed Statement of Facts (Dkt. No. 89), police learned that packages of bulk methamphetamine were being mailed to an address in Garden City, near Roanoke, in the Western District of Virginia. Based on this information, police began to watch for packages coming to this address. Eventually, a package matching what they were expecting to see came from California. A drug dog hit on the package, so police obtained a search warrant (Dkt. No. 27) and discovered that the package contained approximately 1.3 kilograms of methamphetamine mixture.

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not object. Fed. R. Crim. P. 32.1(c)(2).

Officers then resealed the package and conducted a controlled delivery of the package to the Garden City address. William Morgan, Sr. received the package and brought it into the residence. Shortly thereafter, Morgan, Sr.'s son, William Morgan, Jr., arrived at the residence. Police then served a search warrant at the residence and discovered the package.

When interviewed, Morgan, Jr. admitted to receiving previous packages of methamphetamine sent from California to Morgan, Sr.'s Garden City address, selling the methamphetamine that was received, and returning the profits of these sales to Morgan, Sr., who then conveyed the money to the California source.

A few days later, a second package coming from California arrived in Roanoke, destined for the Garden City address. Police obtained a search warrant, opened the package, and determined that it contained approximately six pounds of methamphetamine, packaged in the same manner as the previous shipment. Police attempted a controlled delivery of this package to Morgan, Sr. at the Garden City address.

Morgan, Sr. was present at the residence at the time of the delivery. He picked up the package, manipulated and shook the package, but refused to bring it into the house. Eventually, officers approached him and advised him of his *Miranda* rights. Morgan, Sr. admitted receiving packages from the California source, passing them on to his son for resale, and then forwarding the proceeds to California.

Morgan was released from the Bureau of Prisons on September 30, 2020, when he began serving his period of supervised release. Morgan maintains a stable residence with his wife. He is retired, although he works odd jobs when he is able. Morgan's urine screens have all been negative for illegal drugs. He successfully completed the Strategies substance abuse group

through Blue Ridge Behavioral Healthcare on January 15, 2021. All of Morgan's financial obligations are paid in full. Morgan is currently 64 years old.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Farris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Morgan's offense was serious, but, at this point, Morgan has served his period of incarceration and almost two years out of the three-year term of supervised release. Morgan has a stable life at home as a retiree living with his spouse. The probation office characterizes

3

Morgan's adjustment to supervision as positive.  The court finds that there is no longer a need to protect the public or to deter Morgan from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Morgan's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Morgan's motion for early termination of supervised release (Dkt. No. 146) will be granted.  The court will issue an appropriate order.

Entered: September 20, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge